## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **RACHEL M. ROLAND, on behalf of** | : | |
| **herself and all others similarly situated,** | : | |
| | : | |
| **Plaintiff,** | : | **CASE NO. 1:15cv325** |
| | : | |
| **v.** | : | **Judge Dlott** |
| | : | |
| **CONVERGYS CUSTOMER** | : | |
| **MANAGEMENT GROUP INC.,** | : | |
| **CONVERGYS CORPORATION,** | : | |
| | : | |
| **Defendants.** | : | |

### STIPULATED PROTECTIVE ORDER FOR THE
### PROTECTION OF CONFIDENTIAL INFORMATION

Plaintiff Rachel M. Roland and Defendants Convergys Customer Management Group, Inc. and Convergys Corporation (collectively, "Convergys"), subject to approval by the Court, hereby stipulate to the following Order relating to confidential business and other proprietary information.

**IT IS HEREBY STIPULATED THAT:**

Each party to this proceeding (including potential future class members) or any subsequent appeals and anyone else who may subscribe to this Stipulated Protective Order ("Order") agrees as follows:

### PURPOSE

The parties recognize that preparation and hearing of this action may require the discovery of confidential and/or proprietary materials containing proprietary business, personnel, trade secret or financial information, other information subject to confidentiality requirements or such other sensitive commercial information that is not publicly available. The parties desire to

litigate this action without jeopardizing the parties' interest and expectation in the privacy and confidentiality of their records and so enter this Order.

## INFORMATION SUBJECT TO THIS ORDER

1.      For purposes of this Order, Confidential Information includes the parties' and Convergys' clients' trade secrets, business records and other proprietary materials containing confidential business, personnel, or financial information, other information subject to confidentiality requirements or such other sensitive commercial information that is not publicly available: (a) conveyed by or contained in a document produced; (b) stated in answer to an interrogatory; (c) disclosed in an oral deposition by a party or a non-party in the course of discovery in this proceeding; or (d) disclosed by a party or a non-party at a hearing. Either party that produces information which it reasonably believes to be Confidential Information may, at the time of production, designate such information as "Confidential" and the information so designated shall thereafter be subject to the provisions of this Order. In the case of documents, each page that is to be produced under this Order shall be separately marked "Confidential."

## PERSONS AUTHORIZED TO
## RECEIVE CONFIDENTIAL INFORMATION

2.      Any Confidential Information pursuant to Paragraph 1 of this Order shall not be disclosed to any person whatsoever other than the parties and their officers and management employees, and their secretarial or clerical staffs; attorneys of record, their legal assistants, and their secretarial or clerical staffs; insurers; court reporters and the Court; deponents, witnesses, experts and consultants retained in good faith to assist in connection with this action and/or potential deponents, witnesses, experts and consultants retained in good faith to assist in connection with this action, but only on an as needed basis, provided that such persons agree to

2

not disclose or otherwise use such Confidential Information in any manner other than for the purpose of providing testimony in this matter.

## LIMITATIONS ON THE USE OF CONFIDENTIAL INFORMATION

3.     Any information designated "Confidential" pursuant to Paragraph 1 of this Order shall be held in confidence by each person to whom it is disclosed, shall be used by the person who receives such information only for the purposes of this proceeding, and shall not be used by the recipient of the information for any function other than this litigation.

4.     In the event that any information or documents designated as "Confidential" as provided in Paragraph 1 of this Order are used in depositions, the reporter shall be instructed either (1) by a statement on the record by counsel at the time of the deposition, or (2) by written notice to all counsel within ten business days after the receipt of the transcript that the portions of the depositions relating to the "Confidential" Information, as well as any "Confidential" documents which are made exhibits, shall be retained under seal and if filed in connection with this proceeding or any subsequent appeal, shall be filed pursuant to this Order as set forth in Paragraph 5, and that copies of such materials shall be given only to counsel of record.  Only those persons afforded access under Paragraph 2 may be present at any examination concerning "Confidential" Information.

5.     In the event that any Confidential Information must be filed in connection with this proceeding or any subsequent appeals, such material shall be requested to be filed under seal.  Instructions should be provided to the Court that, except as otherwise provided by the Court, Confidential Information is requested to be sealed pursuant to this Order and is not to be disclosed to any persons other than the Court and counsel of record in this action.  Documents

3

filed under seal in this proceeding shall be filed in envelopes that are marked on the outside "Confidential - Filed Under Seal."

## FINAL TERMINATION OF PROCEEDING

6.     Thirty days after final termination of this proceeding, including all subsequent appeals, each party shall destroy all materials produced and designated as "Confidential" and all copies thereof. If a party, within twenty-eight days of the final termination of this proceeding, requests that the Confidential Information be returned, the party to whom the request is made shall return all such Confidential Information produced and all copies thereof. Unless a court orders otherwise, the parties shall continue after final termination of this proceeding to keep confidential the information and documents exchanged pursuant to this Order. Confidential Information incorporated into pleadings, exhibits, legal memoranda or similar documents need not be destroyed but shall remain confidential.

7.     This Order shall be without prejudice to the right of any party or non-party to present to the Court a motion for a separate Protective Order as to any such particular document or information, including restrictions differing from those as specified herein, and this Order shall not be deemed to prejudice either party in any way in any future application for modification of this Order.

8.     The parties must agree in writing only to withdraw the designation of "Confidential." If a party notifies the opposing party in writing that it disputes the confidentiality designation of a document, the party challenging the designation of the document as "Confidential" shall bear the burden of going forward to move the Court to resolve the issue after the parties have attempted to resolve their dispute in good faith. However, once challenged, the party designating the document as confidential shall bear the ultimate burden of

4

demonstrating that good cause exists to designate the document as confidential. The document in question will remain subject to the confidentiality provisions of this Order until the Court rules on the designation of the document.

9. This Order has no effect upon, and shall not apply to the parties' and their counsel's own internal use of the information and documents that that party produced under the protections of this Order.

10. In the event additional parties join or are joined in this action, they shall not have access to material marked "Confidential" until the newly joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Order.

11. This Order shall not apply to information in the public domain or obtained from other sources not in violation of this Order regardless of whether or not such information is also contained in discovery materials designated as "Confidential" in this case.

12. In the event that either party to this Order inadvertently discloses documents or other material protected by the attorney-client privilege or the attorney work product doctrine, regardless of whether the documents or other material are produced pursuant to this Order, the party receiving such documents or material shall immediately return the documents or material upon request and shall not retain any copies or use the documents or material in any way.

13. The undersigned counsel for the parties agree on behalf of their respective firms and clients to the terms set forth herein, and consent to the form and entry of this Order.

14. The Court retains jurisdiction to alter or amend this Order by further order of the Court upon a showing of good cause. Upon approval by the Court, this Order shall be effective as the Order of the Court. Nothing in this Order shall abridge the right of any person to seek

judicial review or to pursue other appropriate judicial action with respect to any ruling made concerning the issue of the status of Confidential Information.

SO ORDERED:

Dated:   *Oct 1, 2015*

Judge Dlott

STIPULATED:

Respectfully submitted,

/s/ Chad E. Willits (via email authorization)
Chad E. Willits, Esq. (0066541)
Felix J. Gora, Esq. (0009970)
RENDIGS, FRY, KIELY & DENNIS, LLP
600 Vine Street, Suite 2650
Cincinnati, Ohio 45202
Telephone: (513) 381 9200
cwillits@rendigs.com
fgora@rendigs.com

Jack A. Raisner, Esq.
René S. Roupinian, Esq.
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000
jar@outtengolden.com
rsr@outtengolden.com

*Attorneys for Plaintiff and the putative Class*

/s/ Neal Shah
George E. Yund (0017714)
Raymond D. Neusch (0024822)
Neal Shah (0082672)
FROST BROWN TODD LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, OH 45202
(513) 651-6800
gyund@fbtlaw.com
rneusch@fbtlaw.com
nshah@fbtlaw.com

*Trial Attorneys for Defendants*

1160264.0627228   4833-0880-0809v1