**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| RACHEL M. ROLAND, on behalf of herself and all others similarly situated, | |
| Plaintiff, | CASE NO.  1:15-cv-00325-SJD |
| v. | JUDGE DLOTT |
| CONVERGYS CUSTOMER MANAGEMENT GROUP, INC. and CONVERGYS CORPORATION, | **AMENDED JOINT DISCOVERY PLAN** |
| Defendants. | |

Now come all parties to this case, by and through their respective counsel, and hereby jointly submit to the Court this Joint Discovery Plan, pursuant to the Court's Pretrial Procedure Outline. The parties conducted their discovery conference on August 20, 2015 and November 11, 2015.

1.     **MAGISTRATE CONSENT**

The Parties:

[ ] consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c).

[X] do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c).

[ ] unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c), for trial purposes only, in the event that the District Judge assigned is unavailable on the date set for trial (e.g. because of other trial settings, civil or criminal).

**2.     RULE 26(A) DISCLOSURES**

[X] There are no changes that need to be made in the timing, form, or requirement for

disclosures under Rule 26(a). All disclosures required by Rule 26(a)(1) have been made by the

parties hereto.

[ ] The parties agree to delay the initial disclosure until _____. The

purpose of delay is

[ ] to give the Court time to rule on the pending dispositive motion.

**3.     DISCOVERY ISSUES AND DATES**

A. Discovery will need to be conducted on the issues of: liability, damages, and experts,

if any.

B. The parties agree that any electronically stored information ("ESI") to be produced
shall be produced as it is used in the usual course of business, or in another reasonably usable
form. The parties agree that ESI and other documents initially may be manually self-collected by
the document custodians with the direction and oversight of counsel, in a manner consistent with
how such custodians create, communicate or store ESI in the usual course of business. To the
extent that any additional ESI collection or production methods are necessary, including but not
limited to types of ESI that should be collected in a forensically sound manner or produced in
native format, the parties agree to work together to evaluate and implement alternative means of
production. To the extent that disputes as to ESI production arise, the parties will endeavor to
resolve them informally.  If such disputes cannot be resolved informally, the parties will seek the
Court's assistance.

C. The parties recommend that discovery:

[X] need not be bifurcated

[ ] should be bifurcated between liability and damages

[ ] should be bifurcated between factual and expert

[ ] should be limited in some fashion or focused upon particular issues which relate to:

D. Disclosure and report of plaintiff expert(s) by: <u>June 1, 2016.</u>

E. Disclosure and report of defendant expert(s) by: <u>July 15, 2016.</u>

F. Discovery cutoff: <u>August 1, 2016.</u>

G. Anticipated discovery problems:

[ ] _____

[X ] none.

### 4.    LIMITATIONS ON DISCOVERY

### A.    Changes in the limitations on discovery

[ ] Extension of time limitations (currently one day of seven hours) in taking of

depositions to _____.

[ ] Extension of number of depositions (currently 10) permitted to _____.

[ ] Extension of number of interrogatories (currently 25) to _____.

[ ] Other: _____.

[X] None.

### B.    Protective Order

[X] A protective order was submitted by the parties and entered by the Court on <u>October</u>

<u>2, 2015</u>.

[ ] The parties currently do not anticipate the need for a protective order. If the parties

subsequently deem that one is necessary, they will submit a joint proposed order to the Court.

Such order will be in compliance with *Procter & Gamble Co. v. Bankers Trust Co*., 78 F. 3d 219

(6th Cir. 1996).

### 5.    OTHER COURT ORDERS UNDER RULE 26(C) OR RULE 16(B) AND (C)

[ ] The plaintiff anticipates the need for the Court to set a deadline to allow for the

amendment of the complaint to:

[ ] add parties.

[ ] add additional claims.

[ ] add factual allegations to support original claim(s).

[X] Any motion to amend the pleadings shall be filed and served on or before December 4, 2015.

### 6.     PLAINTIFF'S MOTION FOR CLASS CERTIFICATION.

Any motion for class certification shall be filed and served on or before December 17, 2015.  Any response in opposition shall be filed and served on or before January 15, 2016 and any reply filed and served on or before January 29, 2016.


Respectfully submitted,

/s/ Chad E. Willits____
Chad E. Willits, Esq.
Felix J. Gora, Esq.
RENDIGS, FRY, KIELY & DENNIS, LLP
600 Vine Street, Suite 2650
Cincinnati, Ohio 45202
Telephone: (513) 381 9200
cwillits@rendigs.com
fgora@rendigs.com

Jack A. Raisner, Esq.
René S. Roupinian, Esq.
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, NY  10016
Telephone: (212) 245-1000
jar@outtengolden.com
rsr@outtengolden.com

*Attorneys for Plaintiff and the putative Class*

/s/ Raymond D. Neusch____
George E. Yund (0017714)
Raymond D. Neusch (0024822)
Neal Shah (0082672)
FROST BROWN TODD LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, OH 45202
(513) 651-6800
gyund@fbtlaw.com
rneusch@fbtlaw.com
nshah@fbtlaw.com

*Trial Attorneys for Defendants*

1160264.0627228   4818-8390-7879v3

4