# EXHIBIT A

## AMENDED SETTLEMENT AND RELEASE AGREEMENT

This *Amended Settlement and Release Agreement* (the "Settlement Agreement" or "Settlement"), dated as of January ___, 2017 is entered into by and between CONVERGYS CUSTOMER MANAGEMENT GROUP INC., and CONVERGYS CORPORATION (collectively the "Defendants") on the one hand, and RACHEL M. ROLAND (the "Plaintiff" or "Class Representative"), on behalf of herself and the putative class (the "Class Members" or the "Class"), on the other hand. The Defendants and the Class Members will collectively be referred to hereafter as the "Parties" or, as to each, a "Party." This Settlement Agreement amends and supersedes the prior Settlement Agreement executed by the Parties.

## RECITALS

WHEREAS, on May 16, 2015, the Plaintiff filed the WARN class action adversary proceeding (the "WARN Action"), alleging that Defendants violated the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 *et seq.* (the "WARN Act") by ordering plant closings and/or mass layoffs on or about May 16, 2015 and thereafter, without providing sixty (60) days advance notice thereof. The WARN Action is entitled *Rachel M. Roland on behalf of herself and all others similarly situated v. Convergys Customer Management Group, Inc. and Convergys Corporation,* Case No. 1:15-cv-00325-SJD, and is pending in the United States District Court for the Southern District of Ohio.

WHEREAS, on August 7, 2015, Defendants answered the Complaint wherein they generally denied the Plaintiff's allegations and asserted numerous affirmative defenses which, if they are able to prove at trial, may reduce or eliminate any liability to Plaintiff and the putative Class. Among the affirmative defenses asserted by Defendants are that an insufficient number of employees suffered an employment loss at a single site of employment (Eleventh Affirmative Defense), that Defendants acted in good faith and reasonably believed that their actions were not in violation of the WARN Act (Eighth Affirmative Defense), that Defendants' obligation to give notice was reduced because Defendants were actively seeking business that would have prevented or postponed the shutdown of the operations in which the Class Members were employed and because the events necessitating the mass layoffs and/or plant closings were caused by unforeseeable business circumstances (Ninth and Tenth Affirmative Defenses);

WHEREAS, on December 17, 2015, Plaintiff filed a Motion for Class Certification and Related Relief, seeking class certification, the appointment of class counsel and the appointment of the Plaintiff as Class Representative ("Class Certification Motion"). Defendants did not oppose certification of a class but objected on technical grounds to certain aspects of the class definition and notice to the class;

WHEREAS, on January 8, 2016, Plaintiff filed a Motion for Partial Summary Judgment ("Partial Summary Judgment Motion"), seeking dismissal of Defendants' Ninth and Tenth Affirmative Defenses;

WHEREAS, both the Class Certification Motion and Partial Summary Judgment Motion have been fully briefed but have not yet been decided by the Court;

WHEREAS, following formal mediation between Plaintiff's counsel and counsel to the Defendants, the Parties agreed on or about May 11, 2016 to settle their dispute;

WHEREAS, there exist significant, complex legal and factual issues regarding the viability of the WARN Action, application of the WARN Act and the various cases and regulations interpreting the WARN Act. To avoid extensive, costly litigation over these issues, the Defendants and the Plaintiff, through their respective counsel, have engaged in significant negotiations regarding a possible consensual resolution of the WARN Action. As a result of these negotiations, the Parties have agreed to enter into this Settlement Agreement;

WHEREAS, the Defendants deny that they have any responsibility for any of the claims asserted in the WARN Action;

WHEREAS, the WARN Act provides that attorneys' fees may be awarded to the prevailing party in a WARN Action;

WHEREAS, the Plaintiff supports the settlement of the WARN Action pursuant to the terms of this Settlement Agreement;

WHEREAS, Plaintiff's counsel asserts that a customary fee in WARN Act class actions is a 33⅓ % contingency, plus reimbursement of expenses;

WHEREAS, Plaintiff's counsel asserts that but for the legal services they provided, the putative class would not have had any recovery on their WARN claims;

WHEREAS, Plaintiff's counsel asserts that they have expended substantial time in prosecuting the WARN Action, and the legal fee provided herein is fair and reasonable under the circumstances; and

WHEREAS, the Parties have agreed to fully and finally compromise, settle, and resolve any and all demands, claims, damages, and causes of action, present and future, of whatever type or nature arising from the WARN Action on the terms and conditions set forth herein.

## SETTLEMENT

NOW, THEREFORE, as material consideration and inducements to the execution of this Settlement Agreement, and in consideration of the mutual promises and agreements set forth herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.     **Class Certification**. The Parties consent that a Settlement Class shall be certified in connection with the WARN Action and the settlement motion to approve the Settlement Agreement comprised of the Plaintiff and all other similarly situated former employees, pursuant to 29 U.S.C. §2104(a)(5) and Fed. R. Civ. P. 23(a), who were involuntarily terminated from Defendants' AT&T Mobility Work-at-Home operations without cause on or about May 16, 2015, and within 30 days of that date, or were involuntarily terminated without cause as the

2

reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendants on or about May 16, 2015, who are affected employees within the meaning of 29 U.S.C. § 2101(a)(5), and do not timely file a request to opt out of the Class; provided, however, that such class shall be certified for settlement purposes only pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure. The Parties consent to the appointment of the Plaintiff as the Class Representative and Plaintiff's counsel as Class Counsel. The Class Members, including the Class Representative, are listed on Exhibit 1, attached hereto. The Settlement Class specifically exclude all employees terminated on or about May 16, 2015 and thereafter if (i) they voluntarily resigned from their employment with Defendant(s) or were terminated for cause, or (ii) they released Defendant(s) from any and all claims arising out of their employment (collectively, the "Ineligible Employees"). Class Counsel is relying on the books and payroll records and representations of Defendants with respect to the composition of the settlement class.

**2.    The Settlement Amount.** In full and final settlement of the Parties' disputes, on the Effective Date (defined below), Defendants shall pay the total settlement amount of Two Hundred Fifty Thousand ($250,000.00) Dollars (the "Settlement Amount"), which shall be paid to Plaintiff's counsel or its designee by Defendants via wire transfer within ten (10) calendar days after the Effective Date of this Settlement Agreement and shall comprise the "Settlement Fund." The Settlement Amount shall be the only monies paid by Defendants pursuant to this Settlement Agreement. Plaintiff's counsel shall be responsible for allocating the monies on a pro rata basis among the members of the settlement class.

**3.    Settlement Filing.** The Parties shall file a joint motion in the Case under Fed. R. Civ. P. 23 for approval of the Settlement through a bi-furcated hearing process (the "Settlement Motion"). The Settlement Motion shall request an initial hearing at which time the Parties shall seek entry of an order certifying a class for settlement purposes, preliminarily approving the Settlement, and approving the form and manner of notice to the Class Members of the Settlement, including, among other things, the right to object to the Settlement. The Parties shall also request a date for a fairness hearing (the "Fairness Hearing"). At the Fairness Hearing, the Court shall consider final approval of the Settlement. This Settlement Agreement is subject to, and conditioned upon, issuance of a final order by the District Court approving the Settlement Agreement under Fed. R. Civ. P. 23(e), after notice and hearing to the parties in interest, in accordance with applicable law and local rules. The order shall be deemed final after either thirty-five (35) days have elapsed from entry of the District Court's order approving the Settlement Agreement and no notice of appeal has been filed or after the District Court's order approving the Settlement Agreement is finally affirmed on appeal, whichever occurs first (hereinafter "Final Order"). Upon the execution of this Settlement Agreement by the Parties and the entry of the Final Order approving the Settlement Agreement, this Settlement Agreement shall be final and binding. In the event that a Final Order approving this Settlement Agreement in the form acceptable to the Parties is not entered: (i) the Settlement Agreement and the recitals contained herein shall be without force or effect, and neither this Settlement Agreement, nor any of the statements contained herein, shall be admissible in any proceeding involving the Parties; (ii) neither the motions to obtain an order approving this Settlement Agreement nor any of the pleadings filed in support of the motions shall be admissible in any proceeding involving the Parties; and (iii) the Parties will use their best efforts to negotiate a mutually-acceptable amendment to the Settlement Agreement, but no Party shall be obligated or bound to agree to

such an amendment; and (iv) none of the provisions hereof shall prejudice or impair any rights, remedies or defenses of any of the Parties.

      **4.**    **Effective Date**. The Effective Date of this Settlement Agreement shall be the date upon which both of the following have occurred: (i) the Parties have executed this Settlement Agreement; and (ii) the Final Order has been entered and has become final as set forth in paragraph 3 of this Settlement Agreement.

      **5.**    **Responsibilities of Class Counsel**.

      a)    Class Notices. Class Counsel shall bear the responsibility for the production and mailing of all notices to be required for the Class Members (the "Class Notice"). Class Counsel's address will be used as the return address for the Class Notice mailed to the Class Members.

      b)    Contents of Class Notice. The Class Notice will be delivered by first class mail to Class Members at the addresses listed on Exhibit 1 no later than seven (7) days after preliminary approval of this Settlement by the District Court. The Class Notice shall contain the following information:

          (i)    That each Class Member has the right to opt out of the Class and preserve all of her/his rights against Defendants, if any (all such opting out Class Members, the "Opt-Outs");

          (ii)    That the Settlement Agreement shall become effective only if it is finally approved by the Court and all appeals resolved;

          (iii)    That the Settlement Agreement shall be effective as to all Class Members who do not opt-out of the Class; however, if the Court does not approve the Settlement Agreement, the Settlement Agreement shall not become effective;

          (iv)    That each such Class Member has the right to object to this Settlement Agreement, to retain counsel and be heard at the Fairness Hearing;

          (v)    That all released Claims (as that term is defined in paragraph 13 herein) of a Class Member shall be waived, and that no person, including the Class Member, shall be entitled to any further distribution thereon.

      c)    Disbursement of Settlement Fund Payments. Class Counsel may employ a third party (an "Administrator") to administer this Agreement, with the costs of such Administrator payable from the Settlement Fund in the form of Class Counsel's expenses.

      d)    Tax Withholding. Class Counsel or its Administrator shall be responsible for withholding and remitting from the Gross Settlement Payment applicable payroll taxes, including, without limitation, federal and state income taxes, and Federal Insurance Contribution Act

("FICA") taxes associated with the distributions to Class Members receiving payments under this Settlement Agreement (collectively "Payroll Taxes"). The Administrator shall determine the amount of any Payroll Taxes that will become due and owing and shall be withheld. All such Payroll Taxes shall be paid promptly to the appropriate taxing authorities. The Administrator shall be responsible for determining required withholdings, fulfilling reporting requirements, including federal and state payroll tax returns, the issuance of Forms W-2 and other required federal and state tax forms, and related matters.

6. **Opt-Outs**. Any Class Member may opt-out of the Class by mailing to Class Counsel a completed and executed Opt-Out Notice Form so that it is received by Class Counsel no later than ten (10) days prior to the date fixed by the Court for the Final Fairness Hearing. Upon the receipt of such timely notice by Class Counsel, such Class Member shall be classified as an Opt-Out. Within three (3) days of the expiration of the last day to opt-out, Class Counsel shall prepare and file with the Court an Affidavit of Opt-Outs, identifying those Class Members who timely exercised their right, without revoking, to opt-out of the Class. If a Class Member does not wish to be bound by this Settlement Agreement, such Class Member must timely opt-out of the Class by returning a completed and executed Opt-Out Notice Form as described in the paragraph above. Otherwise, if and when the Settlement Agreement becomes effective, all Class Members who have not opted out shall be bound by the terms of this Settlement Agreement. Notwithstanding anything to the contrary in this Settlement Agreement, nothing contained herein shall release or impair the rights and claims, if any, of the Opt-Outs, nor shall anything contained herein affect the defenses and offsets that Defendants and its subsidiaries, affiliates, successors or any of its present or former officers, directors, employees, agents, lawyers, consultants, stockholders or members of any thereof, may have against any such rights or claims. If any Class Member timely and properly elects to opt-out of the proposed Class, that Class Member's rights and obligations will be unaffected by this Settlement Agreement and that Class Member will have the same rights and obligations as he or she would have had if the Complaint had never been filed and this Settlement Agreement had never been executed. Any Class Member that elects to opt-out shall retain his or her rights, if any. Defendants reserve all rights against any Class Member who opts-out.

7. **Excessive Opt-Out Rate Can Terminate the Settlement Agreement.** Defendants shall have the sole and absolute discretion to terminate and void this Settlement Agreement if the total number of Class Members who timely and properly "Opt-Out" of the class as described in paragraph 6 or do not receive Class Notice, combined, equals twenty-five percent (25%) or more of the total number of Class Members. At their own expense, Defendants shall provide such Notice of Termination within ten (10) days of the expiration of the last day to opt-out. Such Notice of Termination shall be in writing and delivered by email and overnight mail to Class Counsel, who in turn, will provide notice in writing by First Class United States mail to each Class Member. In the event Defendants elect to so terminate this Settlement Agreement, Defendants shall not be responsible for paying any of Plaintiff's attorneys' fees and costs or the Service Award to Plaintiff. In the event Defendants elect to terminate this Settlement Agreement, such withdrawal shall have the same effect as would non-approval by the Court and the Settlement Agreement would have no force or effect.

8. **Objections to Settlement Procedures.** A Class Member may object to this Settlement Agreement by sending timely written notice of such objection (a "Notice of

5

Objection") to the Clerk of Court so that it is received by the Clerk at least ten (10) days prior to the date fixed by the Court for the Final Fairness Hearing. Such objection shall clearly specify the relief sought and the grounds for such relief.

**9.** **Class Counsel's Fees and Class Counsel's Expenses.** Class Counsel will seek approval of attorneys' fees of thirty-three and one-third percent (33⅓ %) of the Gross Settlement Payment, after deducting the Class Representative's Service Award, and reimbursement of Class Counsel's out-of-pocket costs and expenses, including the cost of employing a third party Administrator which reimbursement is capped at $20,000 ("Class Counsel's Fee"). The Parties agree that such attorneys' fees must be approved by the Court. The payment of Class Counsel's Fee shall constitute payment in full for Class Counsel's work on behalf of the Class Members and Class Counsel is not entitled to any other attorneys' fees from Defendants.

**10.** **Service Payment to the Class Representative.** Rachel Roland, the Class Representative, shall receive a one-time payment of $7,500 for the services she provided to the Class in connection with the prosecution of the WARN Action (the "Service Payment") which amount shall be paid from the Gross Settlement Payment. Employee Taxes will be withheld but no Class Counsel Fee will be deducted from the Service Payment. The Class Representative will receive an IRS Form 1099 that will include the Service Payment. The Service Payment is in addition to the Class Representative's pro rata share of the Settlement.

**11.** **Allocation of the Designated Settlement Fund to Class Members.** The Gross Settlement Payment, after deducting the Class Representative Service Payment of $7,500, Class Counsel's Fee, the cost of administering the settlement, and Employee Taxes, shall be distributed to the Class (including to the Class Representative in addition to her Service Payment) on the respective Distribution Date. The payments shall be apportioned according to each Class Member's *pro rata* share, as determined by Class Counsel and subject to review by the Defendants. If the Court reduces the amount of attorneys' fees to be paid to Class Counsel under this Settlement Agreement, the residual amount will be added to the Class Members' payments in that proportionate amount.

**12.** **Residual Funds.** Class Counsel or its designee shall bear the responsibility for the production and mailing of settlement checks to the Class Members. Class Counsel or its designee will undertake to determine a current address for the remailing or reissuing of any undeliverable Class Notices or returned or uncashed settlement checks. For any individual for whom a Class Notice is undeliverable after nine (9) months and after at least one additional attempt is made to locate that individual, their settlement amount will be redistributed and paid to the other Class Members who have not opted out of the class. As discussed above in paragraph 7, the number of Class Members for whom Class Notice is undeliverable will count toward the excessive opt-out rate. Any undeliverable checks and any checks that remain uncashed after six (6) months from the date of issuance, their settlement payment shall be donated to the Legal Aid Society of Greater Cincinnati, a nonprofit organization dedicated to protecting the legal rights of the needy in the Greater Cincinnati/southwest Ohio area, subject to approval by the Court. These individuals will be considered part of the class and part of this Settlement Agreement and their claims will be released under this Settlement Agreement.

**13.** **The Waiver and Release of any Released Claims by All Class Members if the Settlement Becomes Final.**

a)      Released Claims of Class Members. On the Effective Date, except for the rights arising out of, provided for, or reserved in this Settlement Agreement, the Settlement Class Members (except for any Settlement Class Members who have opted out of this Agreement), for and on behalf of, and their respective successors and assigns (collectively, the "Releasing Parties"), do hereby fully and forever release and discharge the Defendants, their current and former parents, subsidiary and affiliated entities, and their respective officers, directors, shareholders, agents, employees, insurers, partners, members, accountants, attorneys, representatives and other agents, and all of their respective predecessors, successors and assigns (collectively, the "Released Parties"), of and from any and all claims, demands, debts, liabilities, obligations, liens, actions and causes of action, costs, expenses, attorneys' fees and damages of whatever kind or nature, at law, in equity and otherwise, whether known or unknown, anticipated, suspected or disclosed, which relate to or are based on the WARN Act; provided however, that the following claims and/or rights with respect to Defendants shall not be released: (a) any claims for continuation of health or medical coverage, at the Class Member's expense, or at the expense of a beneficiary or dependant of a Class Member, to the extent allegedly required by the relevant provisions of the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"); (b) any claims for expense reimbursement, unpaid wages or commission unrelated to the WARN Act; (c) any claims arising out of obligations of Defendants unrelated to the WARN Action, the WARN Act, or back pay or equivalent compensation as contemplated by the WARN Act; (d) rights, if any, unrelated to Class Members' WARN Act claims, under 401(k) plans; and (e) any claims which the law clearly states may not be released by settlement. The claims released hereunder are referred to herein as the "Claims". The Released Parties expressly reserve the right to object to, offset or oppose any and all claims, obligations, or causes of action, of any type, except those claims expressly allowed hereunder.

b)      Approval of this Settlement Agreement by the Court shall operate as a full release of the Released Parties by the Releasing Parties, including the Class Representative and each Class Member, of all Claims as set forth above. Upon entry of the Final Order, all Claims as set forth in paragraphs above are deemed settled, released and dismissed in their entirety, on the merits, with prejudice.

c)      If the Settlement Agreement does not become fully enforceable by the Parties, then the provisions of this Settlement Agreement shall be null and void and the Defendants, or any other party-in-interest shall be free to object to and/or defend against the claims asserted in the WARN Action or any other claims asserted by the Class Members and this Settlement Agreement shall not be admissible in any Court or Arbitration. Execution of this Settlement Agreement by the Defendants does not waive any defense or objection to any claims asserted or that may be asserted by the Class Members.

**13.** **Dismissal of the WARN Action**. A dismissal with prejudice of the WARN Action shall be executed in a form agreeable to the Parties (the "Dismissal"). Class Counsel shall file the Dismissal, with prejudice, with the Court upon the entry of the Final Order. Dismissal of the WARN Action shall not abate or limit the effectiveness of the Final Order, including the

releases set forth herein and the terms and conditions of this Settlement Agreement. The parties agree that the Court shall retain jurisdiction to enforce the terms and conditions of this Settlement Agreement.

**14.** **Further Assurances**. The Parties shall cooperate to cause a joint motion under to be filed with the Court for an order approving this Settlement Agreement ("Settlement Motion"). The Parties will cooperate fully and shall execute and deliver any and all supplemental papers, documents, instruments and other assurances and shall do any and all acts that will be reasonably necessary or appropriate to give full force and effect to the terms and intent of this Settlement.

**15.** **No Admission of Liability**. This Settlement Agreement is intended to settle and dispose of claims which are contested and denied. Nothing herein shall be construed as an admission by any Party of any liability of any kind to any other Party. Neither this Settlement Agreement nor any of its provisions, nor evidence of any negotiations or proceedings related to this Settlement Agreement, shall be offered or received in evidence in the Case, or any other action or proceeding, as an admission or concession of liability or wrongdoing of any nature on the part of any of the Released Parties, or anyone acting on their behalf, and the Defendants specifically deny any such liability or wrongdoing. Nothing herein shall prevent any Party from seeking to offer this Settlement Agreement in evidence after the entry of the Final Order approving the Settlement Agreement by the Court for the purpose of enforcing the terms of the Settlement Agreement.

**16.** **Representations and Warranties**. Each Party represents and warrants that upon Court approval of this Settlement, it will have the legal right and authority to enter into this Settlement and the transactions and releases contemplated herein.

**17.** **Binding Nature of Settlement**. This Settlement Agreement shall be binding upon and shall inure to the benefit of the predecessors, successors and assigns of each of the Parties to the fullest extent under the law.

**18.** **No Third-Party Beneficiaries.** This Settlement does not constitute a contract for the benefit of any third parties, any prior creditors or claimants of the Parties, or any non-party, other than Class Members in relation to the provisions of this Settlement. This Settlement shall not inure to the benefit of any third party purchasers who purport to obtain the Named Plaintiff's and Class Members' claims through assignment, transfer or otherwise. Class Counsel and the Defendants shall be under no obligation to distribute settlement payments to other than the Named Plaintiff and Class Members themselves, or their representatives, heirs, executors, administrators, personal representatives, legal representatives, agents, and attorneys.

**19.** **Miscellaneous:**

(a)    Governing Law. This Settlement Agreement shall be construed pursuant to the laws of the State of Ohio and the Federal Rules of Civil Procedure.

(b)    Integration. This Settlement Agreement and the Exhibits hereto represent the entire agreement and understanding between the Parties as to the subject matter hereof and supersede all

previous agreements and discussions between the Parties as to the matters herein addressed. This Settlement Agreement can be amended or modified only in writing and signed by all the Parties hereto, subject to any necessary Court or other approval.

      (c)    <u>Counterparts.</u> This Settlement Agreement may be executed in two (2) or more counterparts, each of which shall be deemed an original but all of which together shall constitute but one agreement. This Settlement Agreement may be executed by facsimile, or PDF and such facsimile or PDF signature shall be treated as an original signature hereunder.

      (d)    <u>Interpretation</u>. This Settlement Agreement has been prepared by the joint efforts of the respective attorneys for each of the Parties. Each and every provision of this Settlement Agreement shall be construed as though each and every party hereto participated equally in the drafting hereof. As a result of the foregoing, any rule that the document is to be construed against the drafting party shall not be applicable.

      (e)    <u>Continuing Jurisdiction</u>. This Settlement Agreement is subject to and contingent upon the approval by the Court. The Court shall have exclusive jurisdiction to determine any dispute or controversy with respect to the interpretation or enforcement of this Settlement Agreement.

      (f)    <u>Amendments and Waivers</u>. The Parties may not waive any provision of this Settlement Agreement except by a written agreement that all of the Parties have signed. A waiver of any provision of this Settlement Agreement will not constitute a waiver of any other provision. The Parties may modify or amend this Settlement Agreement only by a written agreement that all of the Parties have signed.

BY:

s/

René S. Roupinian
Jack A. Raisner
**Outten & Golden LLP**
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000

*Attorneys for Plaintiff and the settlement class*

s/

George E. Yund
Raymond D. Neusch
Neal Shah
**Frost Brown Todd LLC**
3300 Great American Tower
301 East Fourth Street
Cincinnati, OH 45202
Telephone: (513) 651-6800

*Attorneys for Defendants*

# Exhibit 1

Roland et al. v. Convergys Customer Management Group Inc., et. al.,
CASE NO.  1:15-cv-00325-SJD

| | Name | Last Known Address |
|---|---|---|
| 1 | Alma Tapia | 6835 Palma, San Antonio,  TX  78239 |
| 2 | Alyson Detrick | 1225 Mehle Avenue    Apt. C,   Arabi  LA  70032 |
| 3 | Amanda Kudary | 4793 Vienna Ave.     Youngstown  OH  44505 |
| 4 | Amarilys Sosa | 11513 SW 51st Circle      Ocala      FL  34476 |
| 5 | Angela Samuel-Vernon | 4245 Orange Tree Ct  Charlotte            NC      28215 |
| 6 | Anna Morris | 12824 Portulaca Apt B  St. Louis            MO      63146 |
| 7 | Ashley Phillips-Bullitt | 2900 Athena Ln apt #42C  Lithonia            GA      30038 |
| 8 | Beverly Cialone | 2828B Downing St.  Lancaster          SC      29720 |
| 9 | Brenda Zavala | 16 Allen dr apt d  Saratoga Springs          NY  12866 |
| 10 | Breona Calvert | 454 E PLACITA LEZNA  SAHUARITA              AZ  85629 |
| 11 | Brian Haar | 1535 Poplar Street   #24  Grand Junction          CO  81505 |
| 12 | Brittany Tuck | 2482 centergate dr APT 201  miramar            FL      33025 |
| 13 | Carolyn Russ | 4891 Don Gilbert Lane  Granite Falls          NC      28630 |
| 14 | Catrise Hawkins | 231 Oakland Dr.  Natchez            MS      39120 |
| 15 | Charlotte Williams | 303 East Thomas St.  Atlanta            TX      75551 |

Roland et al. v. Convergys Customer Management Group Inc., et. al.,
CASE NO. 1:15-cv-00325-SJD

| | Name | Last Known Address |
|---|---|---|
| 16 | Charnae Mosley | 6305 Selborn Drive<br>Atlanta            GA      30331 |
| 17 | Cheryl Dukeshier | 55441 Spring Run<br>Elkhart            IN      46514 |
| 18 | Chiquita Brockman | 3658 Mill Glen drive<br>Douglasville        GA      30135 |
| 19 | Christa Wilson | 8670 Park Lane<br>Apt 1018<br>Dallas            TX      75231 |
| 20 | Christina Chambers | 10530 Stanley Aubin Lane Apt D<br>Baton Rouge        LA      70816 |
| 21 | Christina Olivier | 12926 Yost Street<br>Wayland            MI      49348 |
| 22 | Christopher Harris | 1228 Chatham Heights<br>Martinsville        VA      24112 |
| 23 | Ciara Pickens | 209 Manley Drive<br>Anderson            SC      29626 |
| 24 | Clara Jamison | 142 East Bentley St.<br>Garrison            KY      41141 |
| 25 | Claudia Hissong | 210 W BROOKSIDE DRIVE<br>UNIT B<br>Colorado Springs        CO<br>80905 |
| 26 | Collin Mccleskey | 732 E Rose Dr<br>Midwest City        OK      73110 |
| 27 | Corneilus Barber | 121 Sunshine Dr<br>Brinson            GA      39825 |
| 28 | Cristina Davis | 11407 Ptarmigan Dr Unit A<br>Austin            TX      78758 |

Roland et al. v. Convergys Customer Management Group Inc., et. al.,
CASE NO. 1:15-cv-00325-SJD

| | Name | Last Known Address | | |
|---|---|---|---|---|
| 29 | Darin Griffin | 2040 Lee Road Apt. E2 Orlando | FL | 32810 |
| 30 | Davetta Paul | 103 Centercross Drive Elizabeth City | NC | 27909 |
| 31 | David Thiessen | 210 James Street Scotia | NY | 12302 |
| 32 | David Wiley | 16 Bay Street Asheville | NC | 28801 |
| 33 | Dawn Boston-bailey | 2013 Miller Street Apt D Lancaster | SC | 29720 |
| 34 | Dawn Walters | 23 Jewett Place #2 Utica | NY | 13501 |
| 35 | Deangelo Knowles | 350 Crossing Blvd Apt 409 Orange Park | FL | 32073 |
| 36 | Denise Decker | P.O. Box 831 Brevard | NC | 28712 |
| 37 | Devaun Bruno | 9001 Jones Rd APT. 702 Houston | TX | 77065 |
| 38 | Dierdre Hughes | 6057 Cougar Lane Charlotte | NC | 28269 |
| 39 | Diondra Blair | 7183 New Dale Rd Rex | GA | 30273 |
| 40 | Donte Thompson | 160 Little River Dr. Savannah | GA | 31419 |
| 41 | Dynisha Royster | 3704-A Lear Ct. Wilson | NC | 27893 |

Roland et al. v. Convergys Customer Management Group Inc., et. al.,
CASE NO. 1:15-cv-00325-SJD

| | Name | Last Known Address |
|---|---|---|
| 42 | Elana Brown | 1060 Brandon Hill Way<br>Jonesboro         GA      30238 |
| 43 | Elizabeth Sims | 112 Stockton Dr<br>Lafayette        LA      70506 |
| 44 | Erika Lopez | 837 David Ave<br>Mercedes         TX      78570 |
| 45 | Erin Angiola | 1280 Fifteen Mile Landing Rd<br>Awendaw          SC      29429 |
| 46 | Eva Navarrete | 15826 Magnolia Shores Ln<br>Houston           TX      77044 |
| 47 | Fatima Bennett | 4100 Arlington Rd. NW<br>Huntsville        AL      35805 |
| 48 | Felicia Thurman | 2215 White Avenue<br>apt. A<br>Gadsden          AL      35904 |
| 49 | Franklin Arnold Ii | 1610 Diplomat Dr.<br>Fayetteville      NC      28304 |
| 50 | Franklin Herrera | 1824 echo pond pl<br>Wesley Chapel        FL<br>33543 |
| 51 | Gail Whitehead | 5056 Avenida Del Sol<br>Raleigh          NC      27616 |
| 52 | Gary Williams | 5001 SW 20TH ST APT 604<br>Ocala            FL      34474 |
| 53 | George Long | 7025 Hunter Ave<br>Saint Louis       MO      63121 |
| 54 | Geraldine Bradley | 8069 Glen Iris Dr<br>Riverdale        GA      30296 |
| 55 | Gregory Manifold | 5816 Muddy Creek Rd, Cincinnati, OH<br>45233 |

Roland et al. v. Convergys Customer Management Group Inc., et. al.,
CASE NO.  1:15-cv-00325-SJD

| | Name | Last Known Address |
|---|---|---|
| 56 | Gustavo Vigo | 420 Beverly Rd<br>Black Mountain      NC<br>28711 |
| 57 | Heather Shryock | 7472 State Hwy 30<br>Dittmer      MO    63023 |
| 58 | Hilliary Evans | 6880 Mother Neff pkwy<br>McGregor      TX    76657 |
| 59 | Irma Rojas | 2801 Hawick Rd<br>El Paso      TX    79925 |
| 60 | Jaclyn Midianga | 424 Patriots Point Drive<br>Hillsborough      NC    27278 |
| 61 | Jacques Diaquoi | 122 Abelia Dr.<br>Royse City      TX    75189 |
| 62 | Jaime Devine | 6442 SW 7th Street.<br>Pembroke Pines      FL<br>33023 |
| 63 | Jalisa Phillip | 130 Rosewood Cir<br>Covington      GA    30016 |
| 64 | Jane Gesch | 2381 Salah Circle<br>Douglasville      GA    30135 |
| 65 | Jenel Bridges | 8405 Wilcrest Dr #3012<br>Houston      TX    77072 |
| 66 | Jennifer Rich | 343 Southern Pines Dr.<br>Myrtle Beach      SC    29579 |
| 67 | Jessica Holton | 207 Wealtha Ave<br>apt. 612A<br>watertown      NY    13601 |
| 68 | Jessica Scott | 2656 Bentley Dr.<br>Deltona      FL    32738 |

Roland et al. v. Convergys Customer Management Group Inc., et. al.,
CASE NO. 1:15-cv-00325-SJD

| | Name | Last Known Address |
|---|---|---|
| 69 | Joanne Jones | 1528 Seven Pines Rd<br>Apt A<br>Springfield            IL      62704 |
| 70 | John Lucchi | 1511 Drake Lane<br>Raymore          MO      64083 |
| 71 | Jolene Gaines | 2059 Sugar Grove Road<br>Waldron          AR      72958 |
| 72 | Jonathan Schoos | 631 Ohio St<br>Gary              IN      46402 |
| 73 | Jowancka Mintz | 690 Beard Rd<br>Raeford           NC      28376 |
| 74 | Julian Gallegos | 17460 E Asbury Cir.<br>Aurora            CO      80013 |
| 75 | Kathleen Toliver | 124 Curvewood rd<br>Columbia         SC      29229 |
| 76 | Katish Ryan | 3341 Grove Crabtree Cres - Apt 513<br>Raleigh           NC      27613 |
| 77 | Kayla Norris | 7010 Applewhite Rd<br>Wendell          NC      27591 |
| 78 | Kelly Taylor | 390 Sylvan Loop<br>Fayetteville      GA      30214 |
| 79 | Kemble Simons | 321 Clifton Ave Apt 213<br>Holly Hill        FL      32117 |
| 80 | Krystal Coleman | 4700 Wenda St.<br>Apt. 121<br>Houston          TX      77033 |
| 81 | Krystal Roberts | 2018 Martin Luther King Drive<br>Gary              IN      46407 |

Roland et al. v. Convergys Customer Management Group Inc., et. al.,
CASE NO. 1:15-cv-00325-SJD

| | Name | Last Known Address |
|---|---|---|
| 82 | Kylie Bongiorno | 1502 crawford ave<br>Altoona            PA     16602 |
| 83 | LaNese Hagerich | 2443 Stroschein RD<br>Monroeville        PA     15146-3006 |
| 84 | LaSherl Thomas | 807 S 36th St<br>Temple            TX     76501 |
| 85 | Lealexandra Fell | 20139 Fieldtree Dr.<br>Humble            TX     77338 |
| 86 | Lisa Ritter | 12400 Montgomery Blvd. NE<br>Apt. 8<br>Albuquerque        NM<br>87111 |
| 87 | Logan Jefferson | 14175 Cypress North Houston - Apt 304<br>Cypress            TX     77429 |
| 88 | Lynn Thomas | 4201 Gettysburg Road, Lot 16, Camp Hill, PA 17011 |
| 89 | Lyvon Campbell | 521 E Moler Ave<br>Martinsburg        WV     25404 |
| 90 | Maria Miller | 770 Clemmonsville Cir<br>Winston Salem        NC<br>27107 |
| 91 | Marisa Austin | 1835 Manitoba Ct<br>Kissimmee        FL     34759 |
| 92 | Marques Hines | 3500 Tryon Avenue, Apt. 4D<br>Bronx            NY     10467 |
| 93 | Marques Jones | 445 N Pantano Rd. APT #252<br>Tucson            AZ     85710 |
| 94 | Matthew Davis | 5649 W. Cindy St<br>Chandler            AZ     85226 |

Roland et al. v. Convergys Customer Management Group Inc., et. al.,
CASE NO.  1:15-cv-00325-SJD

| | Name | Last Known Address | | |
|---|---|---|---|---|
| 95 | Melissa Sparacino | 5730 Holden Street<br>Apt. 2<br>Pittsburgh | PA | 15232 |
| 96 | Melissa Thompson | 122 S Oregon St<br>Johnstown | OH | 43031 |
| 97 | Michael Netzel | 573 van gordon street<br>apt 3-121<br>Lakewood | CO | 80228 |
| 98 | Michael Yomtob | 7117 Richmond Hill Rd<br>De Ruyter | NY | 13052 |
| 99 | Michelle Frost | 23000 Providence Dr<br>Apt 401<br>Southfield | MI | 48075 |
| 100 | Monique Apodaca | 302 Cimarron Ave<br>La Junta | CO | 81050 |
| 101 | Myrna Leidy | 2775 S. Brook Dr<br>#101<br>Denver | CO | 80222 |
| 102 | Nancy Leyva | 6890 Harvest Court<br>Fayetteville | NC | 28306 |
| 103 | Natasha Dixon | 29 Applewood Drive<br>New Eagle | PA | 15067 |
| 104 | Natasha Robinson | 111 South 28th St<br>Apt 248<br>Killeen | TX | 76541 |
| 105 | Nathania Kelly | 1915 Summer Ave<br>Waco | TX | 76708 |
| 106 | Newman Brown | hc 65 box 39<br>Oceana | WV | 24870 |

Roland et al. v. Convergys Customer Management Group Inc., et. al.,
CASE NO. 1:15-cv-00325-SJD

| | Name | Last Known Address |
|---|---|---|
| 107 | Nichole Cedar | 13432 County Route 75, Adams, NY 13605 |
| 108 | Nicole Reynolds | 211 State Highway 72 Apt 1 Potsdam NY 13676 |
| 109 | Odessa Mcneil | 126 west franklin street apt 2 endicott NY 13760 |
| 110 | Oliver Nelson | 518 mcclellan st west point MS 39773 |
| 111 | Pamela Tallman | 770 Moline Street Aurora CO 80010 |
| 112 | Patricia Standard | 169 Babbling Brook Dr. McDonough GA 30252 |
| 113 | Penelope Hatcher | 177 Sunset Lane Moultrie GA 31788 |
| 114 | Penny Oglesby | 1319 52nd St Apt C Lubbock TX 79412 |
| 115 | Precious Ross | 236 Clearwater Dr. Monroe GA 30655 |
| 116 | Precious Sanders | 501 s Lincoln Trace Avenue Smyrna GA 30080 |
| 117 | Prensetta Young | 1506 Hallcroft Lane Houston TX 77073 |
| 118 | Princess Brown | 564 W Evergreen Ave Youngstown OH 44511 |
| 119 | Priscilla Poole | 114 High St Apt 1 114 High St Apt 1 Watertown NY 13601 |

Roland et al. v. Convergys Customer Management Group Inc., et. al.,
CASE NO. 1:15-cv-00325-SJD

| | Name | Last Known Address |
|---|---|---|
| 120 | Qiana Parker | 314 Mclaran St. <br> Madisonville          TX      77864 |
| 121 | Rachel Roland | 480 Woods Edge CT <br> West Lafayette        IN      47906 |
| 122 | Rena Lee | 1110 Cagle Court <br> Fayetteville          NC      28304 |
| 123 | Rhonda Walker | 459 Heathrow Way <br> Stone Mountain        GA <br> 30087 |
| 124 | Richard Pleasant | 235 hickory grove blvd <br> clarksville           TN      37040 |
| 125 | Rita Kiser | 400 Brandon Road <br> Richmond              VA      23224 |
| 126 | Roy Hammond | 1022 Harrell Ave <br> Dyersburg             TN      38024 |
| 127 | Sabria Mumin | 304 oak st <br> unit A <br> york                  SC      29745 |
| 128 | Sarah Nall | 5325 Sorghum Drive <br> Fort Worth            TX      76179 |
| 129 | Scott Gabriel | 37 Florence blvd <br> Debary                FL      32713 |
| 130 | Scylina Spikes | c/o 10223 Albion Road <br> North Royalton        OH <br> 44133 |
| 131 | Sean Begala | 7730 E. Broadway Blvd <br> Apt 1101 <br> Tucson                AZ      85710 |
| 132 | Shakeela Reid | 2322 Miriam ln <br> decatur               GA      30032 |

Roland et al. v. Convergys Customer Management Group Inc., et. al.,
CASE NO. 1:15-cv-00325-SJD

| | Name | Last Known Address |
|---|---|---|
| 133 | Shanon Smith | 4406 Wee Lassie Lane<br>Houston          TX      77084 |
| 134 | Sharon Breinlinger | 9340 Resort Circle<br>Gainesville          GA      30506 |
| 135 | Shawna Ballinger | 29 E 7th st<br>Manchester          OH      45144 |
| 136 | Sheldon Ellis | 106 Washington Street<br>Roanoke Rapids          NC<br>27870 |
| 137 | Stephanie Mcarthy | 40288 N LERWICK DRIVE<br>San Tan Valley          AZ<br>85140 |
| 138 | Stephanie Vining | 65 Century Circle<br>1700A<br>Greenville          SC      29607 |
| 139 | Steven Keltner | 11746 Old 8 A<br>Potosi          MO      63664 |
| 140 | Steven Lastinger | 2247 Polk st<br>#3<br>Hollywood          FL      33020 |
| 141 | Susan Lam | 815 Columbus Avenue<br>Apt. 3312<br>Waco          TX      76701 |
| 142 | Susan Ward | 8608 Hurst Avenue<br>Savannah          GA      31406 |
| 143 | Syreena Brown | 40 Palmer Ave.<br>Campbell          OH      44405 |
| 144 | Tamara Moore | 22512 Boyd Road<br>22512 Boyd Road<br>Carthage          NY      13619 |

Roland et al. v. Convergys Customer Management Group Inc., et. al.,
CASE NO.  1:15-cv-00325-SJD

| | Name | Last Known Address |
|---|---|---|
| 145 | Tammy Manning | 1036 East Sunset Street<br>Waco              TX      76704 |
| 146 | Tania Castillo | 8432 W. Redshank Dr.<br>Tucson            AZ      85757 |
| 147 | Tanika Cuffee | 215 Renfrow Street<br>Rocky Mount          NC<br>27803 |
| 148 | Tashia Jackson | 115 johnson st<br>johnston          SC      29832 |
| 149 | Thomas Bukosky | 602 May St.<br>Blairsville        PA      15717-<br>1562 |
| 150 | Timoka Lewis | 1618 Lovitt Ave<br>Apt. 5<br>Norfolk           VA      23504 |
| 151 | Timothy Moseley | 2099 Lothbury Dr.<br>Fayetteville       NC      28304 |
| 152 | Tina Zapata | 1200 Sandusky Street<br>Plymouth          OH      44865 |
| 153 | Toya Mcknight | 310 S. Sinclair Ave, Kerens, TX 75144 |
| 154 | Traci Goodman | 1625 W NC 152<br>China Grove         NC      28023 |
| 155 | Tracy Torres | 5732 Gay St<br>Lower<br>Toledo           OH      43613 |
| 156 | Ursula Simons | 314-G Bargate Dr<br>Cary            NC      27511 |
| 157 | Vilann Harrison | 1010 Eisenhower Circle, Apt. 1,<br>Junction City, KS 66441 |
| 158 | Vincent Wadley | 906 Crawford Dr.<br>Albany           GA      31705 |

Roland et al. v. Convergys Customer Management Group Inc., et. al.,
CASE NO.  1:15-cv-00325-SJD

|  | Name | Last Known Address | | |
|---|---|---|---|---|
| 159 | Winifred Gayle Franklin | 1136 Rose Wood St<br>Jackson | MS | 39212 |
| 160 | Wyhela Jeune | 6309 Serpentine Dr.<br>Killeen | TX | 76542 |
| 161 | Yasmina Mickas | 15682 State Hwy 172<br>Lot 38<br>Ignacio | CO | 81137 |
| 162 | Yvette Zamora | 1105 Real Ln<br>Canyon Lake | TX | 78133 |