## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| RACHEL M. ROLAND, | : | Case No. 1:15-cv-00325 |
| Plaintiff, | : | |
| v. | : | Magistrate Judge Litkovitz |
| CONVERGYS CUSTOMER MANAGEMENT GROUP INC., CONVERGYS CORPORATION | : | |
| Defendants. | : | |

### FINAL ORDER: (A) APPROVING THE SETTLEMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 23 AND (B) APPROVING CLASS COUNSEL'S FEES AND EXPENSES

**UPON** the Order dated January 27, 2017 (the "Preliminary Order") preliminarily approving the amended joint motion of Convergys Customer Management Group Inc. and Convergys Corporation ("Defendants") and Rachel M. Roland (the "Plaintiff"), on behalf of herself and the certified WARN Class for: (I) an Order: (a) preliminarily approving a settlement agreement resolving certain WARN Act claims; (b) certifying the class for settlement purposes only; (c) approving the form and manner of notice to class members of the proposed settlement; (d) scheduling a final fairness hearing for approval of the settlement; and (II) an Order: (a) approving the Settlement under Federal Rule of Civil Procedure 23; and (b) approving Class Counsel's fees and expenses (the "Joint Motion"); and upon the Affidavit of Service evidencing proof of service of the notice to class members of the proposed settlement, which was filed with the Court (Doc. 39); and there being no objections or opposition to the relief sought in the Joint Motion; and no additional notice being necessary or required.

**IT IS HEREBY ORDERED THAT:**

The Settlement, as memorialized in the amended settlement and release agreement ("Settlement Agreement"), is approved in all respects. Any conflict between the Settlement Agreement, the Joint Motion, and this Order shall be resolved in favor of the Settlement Agreement.

The Court finds that the Settlement Agreement is fair, reasonable and adequate based on the following factors, among other considerations:

a. There is no fraud or collusion underlying this Settlement Agreement, and it was reached after good faith, arms' length negotiations, warranting a presumption in favor of approval;

b. Plaintiffs' likelihood of success on the merits balanced against the amount and form of relief offered weighs in favor of settlement. The risks of the plaintiffs being unable to establish liability and damages were significant because of the affirmative defenses asserted by defendants;

c. The complexity, expense and likely duration of the litigation weigh in favor of settlement;

d. The stage of the proceeding and the amount and results of discovery weigh in favor of settlement in that the settlement was reached after the essential facts had been thoroughly investigated by Class Counsel through discovery;

e. Counsel for the parties are highly experienced in this type of litigation, with full knowledge of the risks inherent in this action, and they are in a position to enable the parties to make an informed decision as to the fairness and adequacy of the Settlement, and their judgment and experience weigh in favor of settlement;

f. The nature of the negotiations weighs in favor of settlement;

g. There were no objections raised by the Settlement Class Members which weigh in favor of settlement; and

h. The public interest weighs in favor of settlement. *See Enterprise Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 245 (S.D. Ohio 1991).

FURTHER ORDERED that on the Effective Date, the Settlement shall become binding upon the Parties and the Settlement Class.

FURTHER ORDERED that Class Counsel is awarded fees of thirty-three and one-third (33⅓%) of the gross Settlement Amount of $250,000 after (1) deducting the Class Representative's service award, and (2) reimbursing Class Counsel's out-of-pocket costs and expenses, including the cost of administration, which reimbursement is capped at $20,000, to be payable exclusively from the Settlement Amount.

FURTHER ORDERED that the Class Representative is awarded $7,500, in addition to her pro rata share of the Settlement, as compensation for her service on behalf of the Settlement Class, to be payable exclusively from the Settlement Amount.

FURTHER ORDERED that entry of this Order is without prejudice to the relief granted in the Preliminary Order and entry of this Order shall not serve to extend or stay any time of filing an appeal regarding any of the relief granted in the Preliminary Order.

FURTHER ORDERED that this Court shall retain jurisdiction over all matters arising pursuant to or related to the relief granted by this Order.

Dated: _March 10_, 2017

_Karen L. Litkovitz_
KAREN L. LITKOVITZ
UNITED STATES MAGISTRATE JUDGE